David M. McLean
Daniel J. Auerbach
Browning, Kaleczyc, Berry & Hoven, P.C.
201 West Railroad Street, Suite 300
Missoula, Montana 59802
Telephone: (406) 728-1694
Facsimile:  (406) 728-5475
dave@bkbh.com
daniel@bkbh.com

Attorneys for Plaintiff

NUMBER DV-13-15
FILED 18th
DAY OF November 2013
CLERK OF DISTRICT COURT
Donna Morris

FILED
DEC 24 2013
Clerk, U.S. District Court
District Of Montana
Helena

MONTANA FOURTEENTH JUDICIAL DISTRICT, MEAGHER COUNTY

| | |
|---|---|
| Mountainview Medical Center,<br><br>    Plaintiff,<br><br>vs.<br><br>NextGen Healthcare Information Systems, Inc.,<br><br>    Defendant. | Cause No. DV- 13-14<br><br>CV-13-79-H-SEH<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Mountainview Medical Center ("MVMC"), by and through its counsel, Browning, Kaleczyc, Berry & Hoven, P.C., for its Complaint allege as follows:

### PARTIES

1.    MVMC is a non-profit corporation organized under the laws of the State of Montana and operating a hospital in Meagher County.

2.    Defendant, NextGen Healthcare Information Systems, Inc. ("NextGen") is a California Corporation with its principal place of business in Austin, Texas.

### JURISDICTION AND VENUE

3.    MVMC is a Montana corporation, and the significant events that give rise to this Complaint took place in Meagher County, including on-site visits by Defendant to MVMC's physical location. Jurisdiction and venue are therefore proper in this Court and this County, respectively.

//

## **BACKGROUND**

4. On or about September 28, 2012, MVMC entered into a Software License and Services Agreement (the "Agreement") with NextGen.

5. As stated in the Agreement, NextGen agreed to install and service an electronic health record system that was a certified electronic health record system as defined by federal law.

6. This electronic health record system was to be installed at MVMC's physical location in White Sulphur Springs, Montana.

7. The Agreement and a Software License and Services Agreement Addendum #1 required NextGen to install and service an electronic health record system (the "System") at MVMC's facility no later than June 1, 2013.

8. The System to be installed was to be one which would permit MVMC to demonstrate "meaningful use" of such electronic health records through all stages of applicable federal regulations.

9. NextGen failed to meet the June 1, 2013 deadline to install the System.

10. Upon NextGen's request, MVMC agreed to extend the deadline to install the System until October 1, 2013 and memorialized that agreement with a Software License and Services Agreement Addendum #2.

11. On or about September 10, 2013, MVMC learned that NextGen did not have an electronic health record system that was certified pursuant to the 2014 standards established by the Centers for Medicare and Medicaid Services ("CMS") and the Office of the National Coordinator for Health Information Technology ("ONC") that took effect October 1, 2013.

12. At no time on or before October 1, 2013 did NextGen appear, attempt to install and make operational a certified electronic health record system at MVMC.

13. NextGen failed to comply with its obligations set forth in the Agreement.

## COUNT I – BREACH OF CONTRACT

14. MVMC incorporates and realleges paragraphs 1-10 above as if fully set forth herein.

15. MVMC and NextGen entered into the Agreement requiring NextGen to install and service a certified electronic health record system at MVMC's hospital no later than October 1, 2013.

16. MVMC spent in excess of $441,000 to facilitate NextGen's installation of the System.

17. NextGen breached the Agreement by failing to install a certified System at MVMC's hospital by October 1, 2013.

18. As a direct result of NextGen's breach of the Agreement, MVMC suffered damages in an amount to be proven at trial, including without limitation the $441,000 expended to date, loss of revenues, loss of federal reimbursement payments, and loss of operations.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. Plaintiff incorporates and realleges paragraphs 1-15 above as if fully set forth herein.

20. NextGen had an obligation to MVMC to conduct itself with honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

21. By failing to abide by the terms of the Agreement, NextGen acted outside of accepted commercial practices to deprive MVMC of the benefit of the Agreement.

22. NextGen breached the covenant of good faith and fair dealing by acting dishonestly and unreasonably to deny MVMC the benefit of the Agreement and to deny MVMC's justifiable expectations that NextGen would act honestly and reasonably in the performance of the Agreement.

23. NextGen's breach of the implied covenant of good faith and fair dealing has caused MVMC damages in an amount to be proven at trial.

## COUNT III – NEGLIGENT MISREPRESENTATION

24. MVMC incorporates and realleges paragraphs 1-20 above as if fully set forth herein.

25. NextGen negligently made representations as to an existing material fact when NextGen stated it was competent and able to install a certified System at MVMC's hospital.

26. NextGen negligently made representations as to an existing material fact when its employees or agents stated NextGen possessed a System that was certified for demonstrating "meaningful use" pursuant to the 2014 standards established by the Centers for Medicare and Medicaid Services ("CMS") and the Office of the National Coordinator for Health Information Technology ("ONC") that took effect October 1, 2013.

27. NextGen's representations were false and misleading at the time such representations were made.

28. NextGen's representations were made without any reasonable ground for believing them to be true, and were made to induce MVMC to enter into the Agreement and to defraud MVMC.

29. At the time these misrepresentations were made and the material facts not disclosed, and the time that the actions herein alleged were taken, MVMC was unaware of the true facts.

30. If MVMC had known the true facts, it would not have acted as it did.

31. MVMC reasonably relied on these representations in acting as it did, and its reliance was justified.

32. As a direct result of NextGen's misrepresentations and MVMC's reliance thereon, MVMC has suffered damages in an amount to be determined at trial.

## COUNT IV – CONSTRUCTIVE FRAUD

33. MVMC incorporates and realleges paragraphs 1-29 above as if fully set forth herein.

34. NextGen had a duty to act in good faith and deal fairly when representing it was competent and able to install a certified System at MVMC's hospital no later than October 1, 2013.

35. NextGen's representations that it was competent and able to install a certified System at MVMC's hospital no later than October 1, 2013 caused prejudice to Plaintiff.

36. As a result of NextGen's constructive fraud, MVMC has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, MVMC prays for judgment against Defendant NextGen as follows:

1. For all damages incurred by MVMC, including but not limited to all economic damages, and all other compensatory damages which MVMC is reasonably entitled to recover as a result of its claims herein;

2. For MVMC's attorney fees as provided in the parties' agreement;

3. For fees and costs associated with bringing this action;

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MVMC respectfully requests a trial by jury on all issues so triable in this matter.

DATED this 13th day of November, 2013.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By: _____
David M. McLean
Daniel J. Auerbach

Attorneys for Plaintiff